UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK DEVELOPMENT, INC.,

      Plaintiff,

    v.

VIP RESTORATION, INC.,

      Defendant.

**DECISION AND ORDER**
09-CV-670A

## INTRODUCTION

On July 30, 2009, defendant filed a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure ("FRCP"). Defendant seeks a more definite statement on the grounds that the allegations in plaintiff's complaint are too vague to allow it to formulate appropriate responsive pleadings or other papers. Plaintiff opposes the motion on the grounds that it attached to the complaint a complete copy of a subcontract between the parties, and that the complaint adequately put defendant on notice about alleged breaches of that subcontract. Pursuant to FRCP 78(b), the Court has deemed oral argument unnecessary. For the reasons below, the Court will deny defendant's motion.

## BACKGROUND

This case concerns allegations of breach of contract related to restoration work at the Darwin Martin House in Buffalo, New York, a house designed by

architect Frank Lloyd Wright.  Plaintiff is a New York contractor that acquired the right to perform restoration work at the Darwin Martin House.  Defendant is a company incorporated in Ohio.  On or about March 16, 2007, plaintiff and defendant entered into a subcontract whereby defendant would work as a subcontractor on the restoration project.  According to Section 2.3 of the subcontract, defendant's work would include "Masonry restoration work, repointing work, new masonry installation, cleaning as specified including all flashings, materials (brick by Owner), mortars, anchors and accessories as specified."  (Dkt. No. 1 at 15–16.)  Section 2 of the subcontract contained a provision that defendant would furnish and perform all labor, services, and materials necessary to complete its role in the restoration project within the time specified by the parties.  Section 3 of the subcontract contained a provision that time was of the essence regarding defendant's performance of its work.

On March 3, 2009, plaintiff filed a complaint in New York State Supreme Court, Erie County, alleging that defendant breached the subcontract.  Paragraph 4 of the complaint contained an allegation that defendant breached the subcontract by failing to supply adequate labor and materials and by delaying the restoration project in several different ways.  Paragraph 5 of the complaint contained an allegation that defendant breached the subcontract despite repeated notices from plaintiff that it was doing so.  Paragraph 6 of the complaint contained an allegation that plaintiff suffered damages of approximately $270,000

because defendant did not remedy its breaches in a timely manner. On July 23, 2009, defendant removed this case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

On July 30, 2009, defendant filed the pending motion for a more definite statement under FRCP 12(e). In support of its motion, defendant asserts that it needs a more definite statement because the complaint lacks details that it must have to formulate a meaningful response. Specifically, defendant insists that it needs to know, *inter alia*, the following details: "What 'men and materials' did VIP allegedly fail to supply? What work did VIP allegedly fail to protect? What contractors did VIP allegedly fail to coordinate with? What parts of the project did VIP allegedly delay? When did VIP allegedly fail to show up to work and what alleged promise is Patrick referring to? When were workers allegedly not on the project due to weather concerns? What punch list work was allegedly delayed? What work was allegedly unacceptable?" (Dkt. No. 13 at 2.) In opposition to the pending motion, plaintiff asserts that it has given defendant adequate notice of its claims under FRCP 8(a)(2), and that defendant's specific demands are evidentiary in nature and will be addressed during discovery.

## DISCUSSION

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FRCP 12(e). Courts must keep in mind,

3

however, that the FRCP abolished bills of particulars and that the phrase "cannot reasonably prepare a response" means more than "we prefer to have this information sooner than later." "Motions pursuant to Rule 12(e) are disfavored and should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (internal quotation marks and citations omitted). Here, plaintiff attached to its complaint what appears to be a complete copy of the subcontract between the parties. The subcontract contains specific provisions regarding the nature of the work to be done, as well as the responsibilities that defendant assumed regarding labor, materials, and deadlines. Paragraphs 4–6 of the complaint have given defendant general notice that plaintiff believes that one or more of these contractual provisions have been breached. "While the complaint does not provide specific details of . . . the contract . . . provisions allegedly breached, the . . . complaint adequately informs [defendant] of the nature of [plaintiff's] claims and is sufficient for [defendant] to frame a responsive pleading." *Id.* at 77 (citations omitted). So early in the case, before discovery has even begun, plaintiff does not need to address the interrogatory-like questions that defendant set forth in its motion papers. *Cf. Nicholson v. Tweedy*, No. 06 CV 471, 2007 WL 2262912, at *2 (E.D.N.Y. Aug. 3, 2007) (finding acceptable plaintiffs' claim that defendants breached a contract by

4

overcharging them and holding that "[d]efendants' questions about the precise contours of plaintiffs' contract claim will be addressed adequately during the discovery process"); *Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, No. 04 CV 9578, 2006 WL 903184, at *3 (S.D.N.Y. Apr. 7, 2006) (denying a Rule 12(e) motion and rejecting defendant's claim that "it must be able to 'confirm the exact and total language of the contract Polargrid purports to have been breached'"); *In re Eur. Rail Pass Antitrust Litig.*, 166 F. Supp. 2d 836, 845 (S.D.N.Y. 2001) ("It is clear that plaintiffs could have been referring to either the identical set of products or to functionally similar competing products. This is sufficient to satisfy the lenient standard of notice pleadings. If defendants assumed the wrong meaning when serving their motion to dismiss, their error will cause no ultimate prejudice to defendants and should not now prejudice plaintiffs."). Consequently, defendant has not shown how the complaint is unintelligible or what prejudice—*i.e.*, what loss of rights in later proceedings or at trial—it will suffer if it answers or otherwise challenges the complaint in its current form.

In holding that plaintiff has given defendant sufficient general notice of its claims at the start of this litigation, the Court emphasizes that it is offering no comment on whether these claims will need to change during the course of discovery or whether these claims will survive at the end of discovery. For now, the Court is deciding only that defendant is on sufficient initial notice of alleged violations of one or more provisions of the subcontract.

## CONCLUSION

For all of the foregoing reasons, the Court hereby denies defendant's motion. This case is referred back to Magistrate Judge Foschio for further proceedings.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 2, 2010